UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

    Plaintiff,

    v.

DOES 1 THROUGH 5,

    Defendants.

_____/

No. C 14-80280 MISC PJH

**ORDER DISMISSING COMPLAINT**

Plaintiff Hung Ha ("plaintiff") filed the instant complaint on October 6, 2014, along with an application to proceed in forma pauperis ("IFP"). Even though plaintiff filed an IFP application (which is titled "application to proceed in district court without prepaying fees or costs"), plaintiff states in his application that he is "willing to pay filing fee, and other costs depending on what they are." Despite this representation, given that plaintiff has filed an application to proceed in forma pauperis, the court will evaluate his complaint under the standard set forth in 28 U.S.C. § 1915 (discussed below).

The court's review of plaintiff's complaint shall also constitute a pre-filing review of plaintiff's complaint, as mandated in accordance with plaintiff's adjudged status as a vexatious litigant for purposes of actions filed in this district. See Ha v. U.S. Attorney General, et al., C 09-5281, Dkt. 284 (July 29, 2010).

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma

pauperis status has filed a frivolous action.  28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).  For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact.  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).  Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  Id., 490 U.S. at 324, 109 S. Ct. at 1831.  Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

Plaintiff's complaint arises out of his alleged removal from UC Berkeley's Recreational Sports Facility ("RSF").  Plaintiff alleges that he was at the RSF on some unspecified date, that UCPD employees approached him and accused him of violating RSF policy by being barefoot, and that he was forced to leave the RSF and excluded from all UC Berkeley property for seven days thereafter.

In his complaint, plaintiff asserts a number of claims that arise under federal law.  Specifically, plaintiff asserts a claim under the First Amendment, under the Fourth Amendment (for "unreasonable search and seizure"), under the Eighth Amendment (for "cruel and unusual punishment"), under the Thirteenth Amendment (for "vestige of slavery"), and under the "national policy declared in Preamble to U.S. Constitution."  Plaintiff also asserts claims under California state law, including breach of contract, false imprisonment, assault, defamation, slander, intentional infliction of emotional distress, and trespass on chattel).  Plaintiff's complaint further mentions "international treaties" (specifically, the "breach of duties to respect my rights which are recognized under international treaties").

Plaintiff's complaint suffers from a number of deficiencies. Plaintiff does not explain how the alleged facts relate to the asserted causes of action, and instead, simply lists the various asserted causes of action in a bulleted format. For instance, plaintiff purports to assert a claim under his Eighth Amendment right to be free of cruel and unusual punishment, but does not explain which action(s) of which defendant(s) underlie this claim. Plaintiff also lists claims for defamation, slander, and false light, but does not explain how each of the elements of each cause of action are met; in particular, the complaint does not identify any "false statement," nor does it allege who made the false statement(s). Overall, plaintiff's complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" for each of his claims. Instead, plaintiff simply sets forth the alleged facts, then provides a list of 21 causes of action that are purportedly based on the factual allegations. In order to avoid dismissal, plaintiff must clearly set forth the specific causes of action that are asserted, and must demonstrate how the alleged facts satisfy each element of each asserted cause of action.

The court further notes that the complaint does not plead the dates on which the subject incident occurred, but does include a section titled "equitable tolling of statutes of limitation," which suggests that some of plaintiff's claims might have arisen outside of the relevant limitations periods. However, because no specific dates are pled, the court cannot determine which, if any, of his claims require an evaluation of his equitable tolling argument. Until the court can determine whether plaintiff's claims are time-barred, it cannot decide whether the complaint has any "arguable basis in either law or fact" under section 1915.

For the foregoing reasons, plaintiff's complaint is DISMISSED with leave to amend. Plaintiff shall have until **December 11, 2014** to file an amended complaint in accordance with this order. As stated above, any amended complaint must demonstrate how the alleged facts correspond to each asserted cause of action, and must provide the date(s) on which the alleged incident took place. No new claims or parties may be added to the

amended complaint without leave of court.  The court will defer ruling on plaintiff's IFP application until it has completed its review of the amended complaint.

**IT IS SO ORDERED.**

Dated: November 13, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge