UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

    Plaintiff,

    v.

DOES 1 THROUGH 5,

    Defendants.

_____/

No. C 14-80280 MISC PJH

**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**

    Plaintiff Hung Ha ("plaintiff") filed the instant complaint on October 6, 2014, along with an application to proceed in forma pauperis ("IFP"). On November 13, 2014, the court issued an order noting that plaintiff had been adjudged a vexatious litigant, and conducting a pre-filing review of plaintiff's complaint. The order also constituted review under the standard set forth in 28 U.S.C. § 1915, which is applicable to cases in which plaintiff has claimed IFP status.

    In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies

of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

The court dismissed plaintiff's complaint, provided notice of the deficiencies of the complaint, and gave plaintiff until December 11, 2014 to file an amended complaint curing those deficiencies. Specifically, the court noted that "[p]laintiff does not explain how the alleged facts relate to the asserted causes of action, and instead, simply lists the various asserted causes of action in a bulleted format," and thus, had "fail[ed] to provide 'a short and plain statement of the claim showing that the pleader is entitled to relief' for each of his claims." Dkt. 2 at 3. The court informed plaintiff that "[i]n order to avoid dismissal, [he] must clearly set forth the specific causes of action that are asserted, and must demonstrate how the alleged facts satisfy each element of each asserted cause of action." Id.

The court further noted that the complaint did not plead the dates on which the subject incident occurred, but did make an argument regarding equitable tolling. Because the court could not determine whether plaintiff's claims were time-barred, it could not determine whether the complaint had any "arguable basis in either law or fact" under section 1915. In sum, the court made clear that "any amended complaint must demonstrate how the alleged facts correspond to each asserted cause of action, and must provide the date(s) on which the alleged incident took place." Dkt. 2 at 4.

Plaintiff has not filed an amended complaint, and instead has made the following filings: (1) a letter regarding the court's refusal to accept plaintiff's filing fee, (2) a motion for reconsideration of the court's dismissal order, (3) an application for leave to e-file, (4) a "statement of disqualification" regarding the undersigned, (5) an application for leave to submit a motion to require defendants to represent themselves, without counsel, (6) a second application for leave to e-file, (7) an application to extend the deadline to file an amended complaint, and (8) a letter regarding plaintiff's attempt to comply with the court's order.

2

As an initial matter, the court construes plaintiff's "statement of disqualification" as a motion for recusal. The general rule in federal court is that a judge should handle the cases assigned to him or her unless a legitimate reason for recusal exists. See United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). Legitimate reasons for recusal are outlined in two statutes – 28 U.S.C. §§ 455 and 144 – and in § 3(C) of the Code of Conduct for United States Judges.

Section 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144. If a judge finds a § 144 motion timely and the affidavit legally sufficient, the judge must proceed no further and another judge must be assigned to hear the matter. 28 U.S.C. § 144; U.S. v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).

Section 455 provides in relevant part:

> (a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455.

Under both § 144 and § 455, the standard is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). A "reasonable person" is not "hyper-sensitive or unduly suspicious," but rather a "well-informed, thoughtful observer." See id. (citing Holland, 519 F.3d at 913 (quotations omitted).

While the test for personal bias is the same under both statutes, the procedural requirements of the sections are different. Sibla, 624 F.2d at 867. Section 144 "expressly conditions relief upon the filing of a timely and legally sufficient affidavit." Id. (citations

3

omitted). If the judge to whom the motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, "the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." Id. (citation omitted).

An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. at 868 (citation omitted). More to the point, if the affidavit required by § 144 is not presented to the judge, no relief under § 144 is available. Id. (citation omitted). Here, plaintiff has provided no affidavit, let alone an affidavit supporting a legally sufficient basis for recusal.

Thus, the court considers plaintiff's motion under § 455, which, in contrast to § 144, sets forth no procedural requirements. Section 455 "is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." Id. at 867-68 (citation omitted). Moreover, § 455 contains no provision for referral of the motion to another judge. That is, the decision regarding disqualification under § 455 is made by the judge whose impartiality is at issue. See In re Bernhard, 31 f.3d 842, 843 (9th Cir. 1994).

If the judge sitting on a case is aware of grounds for recusal under § 455, "that judge has a duty to recuse himself or herself." Sibla, 624 F.2d at 868 (citation omitted). The question under § 455 is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." Clemens v. U.S. Dist. Court for Central Dist. of Calif., 428 F.3d 1175, 1178 (9th Cir. 2005).

While plaintiff argues that the undersigned is not qualified to hear this case, plaintiff also admits that, while he "ought to provide at least some analysis in support of this statement, yet reality is I am restricted/limited by circumstances."

The court finds that plaintiff offers only conclusory allegations regarding his request, which is not sufficient to justify recusal. Further, to the extent that plaintiff's request is motivated by the court's dismissal of his original complaint, the court notes that a judge's prior adverse rulings provide an insufficient cause for recusal. The fact that a judge made

4

rulings adverse to a party, standing alone, is not a basis for disqualification under § 455. Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989); United States v. Studley, 783 F.2d 934, 939 (1986).

Accordingly, the court finds no basis for recusal under § 455.

The next issue before the court is plaintiff's failure to file an amended complaint in accordance with the court's dismissal order, dated November 13, 2014. Plaintiff's motion for reconsideration challenges the court's order, and seeks various forms of relief, including a one year extension to file the amended complaint, the removal of plaintiff's status as a vexatious litigant, and the nullification of the pre-filing order "issued fraudulent[ly]" against him.

Plaintiff then filed a separate application for extension of time, requesting "as long as needed in furtherance of justice." Plaintiff then filed a separate letter regarding his "attempt to comply with order," in which he again complains about the pre-filing order entered against him and argues that the court should not pre-screen his pleadings. However, throughout all of these filings, plaintiff still does not "demonstrate how the alleged facts correspond to each asserted cause of action, and must provide the date(s) on which the alleged incident took place," as required by the court's dismissal order. While the court would be amenable to a brief extension, the requested extension of one year is excessive. Accordingly, based on plaintiff's failure to file an amended complaint, plaintiff's complaint is DISMISSED without leave to amend. Plaintiff's IFP request is DENIED as moot.

**IT IS SO ORDERED.**

Dated: December 23, 2014

PHYLLIS J. HAMILTON
United States District Judge